# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No.: 2:16-cv-00300-APG-NJK |
| Plaintiff | **Order (1) Granting Plaintiff's Motion for Summary Judgment, (2) Denying Saticoy's Motion for Summary Judgment, (3) Dismissing Claims Against Gleneagles and Nevada Association Services as Moot, and (4) Denying Gleneagles' Motion for Summary Judgment as Moot** |
| v. | |
| GLENEAGLES HOMEOWNERS ASSOCIATION; SATICOY BAY LLC SERIES 3844 BLUE GULL; and NEVADA ASSOCIATION SERVICES, INC., | |
| Defendants | [ECF Nos. 60, 61, 66] |

Plaintiff Bank of America, N.A. filed this lawsuit to determine whether its deed of trust still encumbers property located at 3844 Blue Gull Street, North Las Vegas, Nevada, following a non-judicial foreclosure sale conducted by defendant Gleneagles Homeowners Association (Gleneagles). ECF No. 1. Bank of America also asserts claims against Gleneagles and its foreclosure agent, defendant Nevada Association Services, Inc. (NAS), for breach of Nevada Revised Statutes § 116.1113 and wrongful foreclosure. *Id.* Defendant Saticoy Bay LLC Series 3844 Blue Gull (Saticoy) is the current owner of the property. Saticoy counterclaims for a declaration that Gleneagles' foreclosure sale extinguished the deed of trust. ECF No. 12.

Bank of America, Saticoy, and Gleneagles each move for summary judgment. The parties are familiar with the facts, and I will not repeat them here except where necessary to resolve the motions. Because Bank of America tendered the superpriority amount, it is entitled to judgment as a matter of law on its own declaratory relief claim and on Saticoy's counterclaims. And because the deed of trust was not extinguished, Bank of America's damages claims against Gleneagles and NAS are moot. I therefore grant summary judgment in favor of

Bank of America and against Saticoy, dismiss Bank of America's damages claims against

Gleneagles and NAS as moot, and deny Gleneagles' motion as moot.

## I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence

is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of

the basis for its motion and identifying those portions of the record that demonstrate the absence

of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The

burden then shifts to the non-moving party to set forth specific facts demonstrating there is a

genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531

(9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat

summary judgment, the nonmoving party must produce evidence of a genuine dispute of material

fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the

light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523

F.3d 915, 920 (9th Cir. 2008).

### A. Tender

Bank of America moves for summary judgment, arguing that it tendered the superpriority

amount prior to the HOA sale. Saticoy raises a variety of arguments as to why tender did not

extinguish the lien. Specifically, Saticoy contends that (1) Bank of America cannot resort to

equity because it has an adequate remedy at law and failed to protect its interest prior to the sale;

(2) tender creates either an assignment or subrogation that must be recorded to affect the rights of a bona fide purchaser like Saticoy; (3) the tender letter contained falsehoods and impermissible conditions; (4) Bank of America did not prove there were sufficient funds to cover the tender check; (5) Gleneagles rejected the tender in good faith; and (6) Bank of America has not properly authenticated or shown the admissibility of the evidence establishing the superpriority amount and tender. Gleneagles argues that the tendered amount was insufficient because the superpriority amount consists of the entirety of the HOA lien, including costs of collection. Gleneagles also argues Bank of America's tender letter contained the impermissible condition of releasing the borrowers from their obligations under the CC&Rs and waiving any future superpriority lien on the same property.

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

Here, no genuine dispute remains that Bank of America paid the superpriority amount in full. The monthly homeowners association (HOA) assessment was $35.00 per month. ECF Nos. 60-6 at 9; 73-2 at 16-20. Prior to the HOA foreclosure sale, Bank of America tendered $315 to cover the superpriority amount. *Id.* at 13; 15-16. There is no evidence of nuisance abatement charges. There also is no evidence Gleneagles recorded a second notice of delinquent assessment lien that might have triggered a second superpriority lien. *See Prop. Plus Investments, LLC v. Mortg. Elec. Registration Sys., Inc.*, 401 P.3d 728, 731-32 (Nev. 2017) (en banc). The Supreme Court of Nevada has rejected Gleneagles' argument that the superpriority

amount consists of the entirety of the HOA lien, including costs of collection. *Bank of Am., N.A.*, 427 P.3d at 117-18, 121. The superpriority lien therefore was extinguished, and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121. I address below each of Saticoy's and Gleneagles' other challenges to the tender.

     *1. Equity*

     Saticoy contends that Bank of America cannot resort to equity because it has an adequate remedy at law, it failed to protect its interest prior to the sale, and Saticoy is a bona fide purchaser. Generally, a party cannot obtain an equitable remedy when it has an adequate remedy at law. *Las Vegas Valley Water Dist. v. Curtis Park Manor Water Users Ass'n*, 646 P.2d 549, 551 (Nev. 1982). However, Nevada Revised Statutes § 40.010, which allows for resolving disputes involving adverse interests in property, "essentially codified" Nevada's historical recognition "that courts retain the power to grant equitable relief from a defective foreclosure sale when appropriate . . . ." *Shadow Wood HOA v. N.Y. Cmty. Bancorp, Inc.*, 366 P.3d 1105, 1111-12 (Nev. 2016) (en banc). Thus, while the availability of other remedies (both before and after the sale) may bear on the equities, a claim to set aside an allegedly defective foreclosure sale is necessarily an equitable one that will impact the various interests in the property and their relative priority. Bank of America seeks not just repayment of its loan, but the right to resort to this particular property as security for repayment. No remedy at law could overturn the foreclosure sale and reinstate Bank of America's lien on the property. *See Bank of Am., N.A. v. Diamond Fin., LLC*, 42 N.E.3d 1151, 1156-57 (Mass. 2015) (concluding a legal remedy was inadequate because "money damages would not restore the plaintiff to its rightful senior position"); *Bank of N.Y. Mellon v. Withers*, 771 S.E.2d 762, 765 (N.C. Ct. App. 2015) ("Due to

land's unique nature, damage claims against individuals are an inadequate substitute for a first position lien on real property.").

Bank of America acted to protect its interest through the tender, and a valid tender discharges the superpriority lien "by operation of law." *Id.* at 120. Finally, Saticoy's status as a bona fide purchaser in terms of weighing the equities is irrelevant because the tender rendered the HOA sale void as to the superpriority lien. *Id.* at 121.

*2. Recording the Tender*

Saticoy argues that tender of the superpriority amount creates either an assignment or subrogation of the HOA lien, and an assignment or subrogation must be recorded to affect the rights of a bona fide purchaser like Saticoy. The Supreme Court of Nevada has rejected the argument that a tender must be recorded. *Id.* at 119-20. Although Saticoy contends the Supreme Court of Nevada erred in its analysis, it is the role of that court, not this court, to determine Nevada law. *Rudin v. Myles*, 781 F.3d 1043, 1054 (9th Cir. 2015) (The Supreme Court of Nevada "is the final arbiter of Nevada state law.").

*3. Falsehoods and Impermissible Conditions*

Saticoy contends the tender letter contained falsehoods and impermissible conditions. Specifically, Saticoy contends that the letter falsely states (1) the scope of a superpriority lien by not mentioning nuisance abatement costs; (2) that Bank of America's obligations would be paid in full even though the HOA could institute another superpriority lien on an annual basis; and (3) that the payment was being made by cashier's check when it was a check from a trust account. Saticoy also argues that Gleneagles could not accept the tender offer without violating various provisions of Chapter 116. Gleneagles argues Bank of America's tender letter contained the

impermissible conditions of (1) releasing the borrowers from their obligations under the CC&Rs and (2) waiving any future superpriority lien on the same property.

Bank of America responds that it did not need to mention abatement charges because there were none regarding this property. Bank of America also argues that it is not required to present a cashier's check to satisfy tender and even if the letter misrepresented the type of check, that is not a basis to invalidate the tender. Bank of America also notes that the tender letter in this case is identical to one the Supreme Court of Nevada found imposed permissible conditions. As to Gleneagles' arguments, Bank of America contends that the letter says nothing about discharging the borrowers and refers only to what is owed at the present time, not to future superpriority liens.

The Supreme Court of Nevada has examined a tender letter identical to the one at issue here and ruled that it did not impose impermissible conditions. *Compare Bank of Am., N.A.*, 427 P.3d at 118 *with* ECF No. 60-6 at 13. That court did not indicate that the tender or the tender letter violated Chapter 116 and its anti-waiver provisions, an issue with which that court is very familiar.

There is no evidence of nuisance abatement costs related to this property, so the letter's failure to mention that possibility is irrelevant here. *See TRP Fund IV, LLC v. Bank of New York Mellon as Tr. for Certificate Holders of CWALT, Inc.*, No. 74002, 434 P.3d 926, 2019 WL 912693, at *1, n.2 (Nev. 2019) ("Because no maintenance or nuisance abatement costs had been incurred at the time the tender was made, the tender for 9 months of assessments was sufficient to cure the default as to the superpriority portion of the HOA's lien. If the HOA had thereafter incurred such costs, it would have been required to issue new foreclosure notices if it sought to afford those costs superpriority status."). Additionally, Saticoy is incorrect in its statement that

an HOA can collect a superpriority lien on "an annual basis." ECF No. 61 at 10. Nevada Revised Statutes § 116.3116 "does not limit an HOA to one lien enforcement action or one superpriority lien per property forever." *Prop. Plus Investments, LLC*, 401 P.3d at 73. "But to trigger a new superpriority lien, the HOA must commence a new enforcement action" by either "completing a prior enforcement action through foreclosure" or "recording a rescission of a prior lien." *Nationstar Mortg. LLC v. Saticoy Bay LLC Series 8920 El Diablo*, No. 2:16-cv-00751-JCM-VCF, 2018 WL 1770127, at *6 (D. Nev. Apr. 12, 2018) (citing *Prop. Plus Investments, LLC*, 401 P.3d at 731-32). There is no evidence Gleneagles rescinded the prior lien or recorded a new notice of lien after Bank of America paid off the initial superpriority amount.

Saticoy is correct that the letter misidentifies the tender check as a cashier's check when in fact it was drawn on a law firm's trust account. ECF No. 60-6 at 13-14. But nothing in Chapter 116 or Nevada case law requires tender be in the form of a cashier's check. *See Bank of New York Mellon v. Hillcrest at Summit Hills Homeowners Ass'n*, No. 2:16-cv-02295-GMN-PAL, 2019 WL 415324, at *5 (D. Nev. Jan. 31, 2019); *Chinatown St. Tr. v. Bank of Am., N.A.*, No. 74545-COA, 2018 WL 6609590, at *1 (Nev. App. Dec. 7, 2018). Saticoy does not provide case law supporting its position that a minor error in the description of the check invalidates the tender. I predict[1] the Supreme Court of Nevada would not invalidate tender on this basis.

Finally, nothing in the letter refers to releasing the borrowers or waiving a future superpriority lien. ECF No. 60-6 at 12-13. And the Supreme Court of Nevada has rejected similar arguments. *See TRP Fund IV, LLC*, 2019 WL 912693, at *1; *TRP Fund IV, LLC v. U.S.*

---

[1] The Supreme Court of Nevada has not yet addressed this issue. "Absent a controlling state court decision," I must "predict how the highest state court would decide the issue." *In re Kekauoha-Alisa*, 674 F.3d 1083, 1087-88 (9th Cir. 2012).

*Bank, N.A. as Tr. for SROF-2013-S3 Remic Tr. 1*, No. 72234, 430 P.3d 531, 2018 WL 6134028, at *1, n.2 (Nev. 2018).

### *4. Proof of Sufficient Funds*

Saticoy argues Bank of America did not prove there were sufficient funds to cover the tender check because it was a trust account check, not a cashier's check. Bank of America responds that there is no genuine dispute that the check would have cleared and Saticoy presents no evidence that it would not.

Even viewing the evidence in the light most favorable to Saticoy on Bank of America's motion, no genuine dispute remains. The fact that the check was signed and presented to NAS to cash as payment for the superpriority lien is sufficient evidence to meet Bank of America's initial burden of showing it tendered the superpriority amount. Saticoy presents no evidence there were insufficient funds to cover the check. Saticoy's reliance on *Graff v. Burnett*, 414 N.W.2d 271 (Neb. 1987) is therefore misplaced. *See Nationstar Mortg. LLC v. Springs at Spanish Trail Ass'n*, No. 2:15-cv-01217-JAD-GWF, 2019 WL 2250264, at *4 (D. Nev. May 24, 2019) (rejecting a similar argument based on *Graff* where there was no evidence of insufficient funds; "the check was actually cut, received by [the HOA's agent], and returned; and the letter that accompanied the check indicated that it was being sent as payment").

### *5. Good Faith Rejection of Tender*

Saticoy argues Gleneagles rejected the tender in good faith. Bank of America responds that Saticoy presents no evidence of why Gleneagles rejected the tender and, in any event, valid tender discharges the superpriority lien by operation of law regardless of whether the rejection of tender was in good faith.

8

Even if tender could be invalidated by the HOA having a good-faith reason to reject the tender, Saticoy offers no evidence why Gleneagles or NAS rejected the tender in this case. Saticoy's argument as to why Gleneagles or NAS might have had a good reason to reject tender does not constitute evidence sufficient to preclude summary judgment. *See Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court*, 338 P.3d 1250, 1255 (Nev. 2014) (en banc) ("Arguments of counsel[, however,] are not evidence and do not establish the facts of the case." (quotation omitted)). The Supreme Court of Nevada has indicated that an HOA's or its agent's "subjective good faith in rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the lien by operation of law." *Nationstar Mortg., LLC v. Jackel Properties, LLC*, No. 75040, 435 P.3d 1224, 2019 WL 1244787, at *1 (Nev. 2019) ("Because the superpriority portion of the lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and [agent's] basis for rejecting the tender could not validate an otherwise void sale in that respect.").

### 6. *Authentication and Hearsay*

Saticoy argues Bank of America has not properly authenticated or shown the admissibility of the evidence establishing the superpriority amount and tender. Saticoy contends that the HOA ledger attached to the affidavit of Douglas Miles is unauthenticated and inadmissible hearsay. Saticoy also contends that because Miles testified in another case that he does not review the file or retrieve the documents in any particular HOA case, he cannot authenticate the documents attached to his affidavit. And Saticoy argues Miles does not sufficiently establish the law firm's business records contained in a computer database are admissible as business records.

Bank of America responds that the affidavit at issue in this case was not prepared by Miles, so Saticoy's arguments are misplaced. Rather, the affidavit was prepared by Adam Kendis. Bank of America contends the Kendis affidavit sufficiently authenticates the records and lays the foundation for admission of the records because Kendis personally reviewed the records. Additionally, Bank of America notes that NAS and Gleneagles produced ledgers in discovery showing the monthly assessments were $35.

Federal Rule of Civil Procedure 56 does not require that evidence be presented in admissible form at summary judgment. Rather, under Rule 56(c)(2), a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Under Federal Rule of Evidence 901(a), a party offering evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Under Rule 803(6), a record of a regularly conducted activity is not excluded by the hearsay rule if the record meets the following requirements:

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Kendis avers that the records related to the tender are authentic and meet each of Rule 803(6)'s requirements. ECF No. 60-6 at 2-4. He authenticates the HOA ledger as what was received from NAS. *Id.* And the documents Gleneagles produced in this case confirm the monthly assessment was $35. ECF No. 73-2 at 16-20. Bank of America could call Kendis to

testify at trial about the tender efforts and a Gleneagles representative to testify to the superpriority amount.

Saticoy has not presented evidence raising a genuine dispute about the Rule 803(6) factors, the documents' authenticity, or that the superpriority amount is something other than what Bank of America tendered. Saticoy "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). It has not done so here. *See Springs at Spanish Trail Ass'n*, 2019 WL 2250264, at *5 (rejecting similar evidentiary challenges).

**B. Wrongful Foreclosure and § 116.1113**

Bank of America asserted its claims for wrongful foreclosure and breach of § 116.1113 as alternative means of relief in the event that its deed of trust was extinguished.[2] The deed of trust was not extinguished. Thus, those claims are now moot so I will dismiss them.

**II. CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff Bank of America, N.A.'s motion for summary judgment **(ECF No. 60) is GRANTED**. The clerk court of court is instructed to enter judgment in favor of plaintiff Bank of America, N.A. and against defendant Saticoy Bay LLC Series 3844 Blue Gull as follows: It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on July 11, 2014 did not extinguish Bank of America, N.A.'s interest in the property located at 3844 Blue Gull Street, North Las Vegas, Nevada, and thus the property is subject to the deed of trust.

---

[2] *See* ECF No. 1 at 12 ("If it is determined Gleneagles' sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, Gleneagles' and NAS's breach of their obligation of good faith will cause [Bank of America] to suffer general and special damages . . . ."); *id.* at 13 (same with respect to wrongful foreclosure).

11

1    IT IS FURTHER ORDERED that plaintiff Bank of America, N.A.'s wrongful

2  foreclosure and breach of §116.1113 claims against defendants Gleneagles Homeowners

3  Association and Nevada Association Services, Inc. are DISMISSED as moot.

4    IT IS FURTHER ORDERED that defendant Saticoy Bay LLC Series 3844 Blue Gull's

5  motion for summary judgment **(ECF No. 61) is DENIED**.

6    IT IS FURTHER ORDERED that defendant Gleneagles Homeowners Association's

7  motion for summary judgment **(ECF No. 66) is DENIED as moot**.

8    IT IS FURTHER ORDERED that the clerk of court shall enter final judgment as set forth

9  above and close this case.

10    DATED this 13th day of June, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE